**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PHILLIP STRZALKOWSKI,** | ) | Case No. 2:22-cv-00156 -ALM-KAJ |
| | ) | |
| Plaintiff, | ) | Judge Algenon L. Marbley |
| | ) | |
| vs. | ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |
| **MARY ANN TOWNSHIP,** | ) | **JOINT MOTION FOR APPROVAL OF** |
| | ) | **SETTLEMENT AND RELEASE** |
| Defendant. | ) | |

Plaintiff Phillip Strzalkowski and Defendant Mary Ann Towship (collectively referred to as the "Parties") respectfully move this Court to approve the settlement reached by the Parties and memorialized in the Settlement Agreement and Release of All Claims (the "Settlement"). The Settlement seeks to finally resolve this matter with Court approval of Settlement and dismissal of all claims with prejudice.

The Parties respectfully submit that the Settlement is fair and reasonable, and that it satisfies the criteria for approval under Section 16 of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216. The Settlement was achieved through diligent and thorough negotiations between the Parties' Counsel. If approved by the Court, the Settlement will result in a fair and reasonable settlement payment to Plaintiff.

The following are attached to facilitate the Court's approval, with the Settlement Agreement being provided to the Court for *in camera* review:

> **Exhibit A:**  Proposed Order Approving Settlement and Release; and,

> **Exhibit B:**  Declaration of Hans A. Nilges.

The following sections explain the nature of the action, the negotiations, and the propriety of approving the Settlement.

1

## I.     THE ACTION

On January 18, 2022, Plaintiff filed a Complaint against Defendant in the United States District Court, Southern District of Ohio, captioned as *Strzalkowski v. Mary Ann Towship*, Case No. 12:22-cv-00156. Plaintiff alleged claims for unpaid overtime, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") (ECF No. 1)

Defendant filed its Answer on March 16, 2022, in which it denied all liability. (ECF No. 10). The Parties engaged in motion practice as to whether a potential partial exemption from the FLSA's overtime obligations was available for Defendant. Ultimately the Court ruled in Defendant's favor and then set a trial schedule for Plaintiff's remaining claims. The Parties subsequently reached a settlement of this matter.

## II.     THE NEGOTIATIONS

Each Party thoroughly assessed the other's legal and factual positions, potential witnesses, and potential claims and defenses. As part of the negotiations, Defendant produced personnel and timekeeping records for Plaintiff. Plaintiff's Counsel used these records to calculate approximate and alleged unpaid overtime. (Nilges Decl. at ¶8).

The Parties engaged in good-faith arm's length negotiations. Throughout the negotiations, liability has been denied and disputes remain notwithstanding settlement. Nevertheless, the Parties reached a settlement. (*Id*. at ¶9).

## III.     THE SETTLEMENT TERMS

The Settlement Agreement is being submitted to the Court for *in camera* review. If approved by the Court, the Settlement will resolve all issues between Plaintiff and Defendant in this Action and as outlined in the Agreement. If approved, the Parties have agreed that the Action

will be dismissed with prejudice, with this Court retaining jurisdiction over performance of settlement.

## IV.     THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to Section 16 of the FLSA. As explained below, Court approval is warranted.

### A.       The Settlement is a fair resolution of a bona fide dispute.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982)).

The payment to Plaintiff is fair and reasonable given that bona fide disputes exist between the Parties, including whether Plaintiff performed unpaid work, whether the alleged work was compensable, and whether Plaintiff is entitled to any payments including liquidated damages. Defendant has made clear, including through pre-settlement informal discovery, its intention to aggressively defend Plaintiff's claim of unpaid work. (Nilges Decl. at ¶10).

Courts also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Cashiola v. Risha*, No. 5:19-cv-922, 2019 U.S. Dist. LEXIS 209976, at *3-4 (N.D. Ohio Dec. 5, 2019) (further citation omitted). Here, there remains considerable dispute concerning allegations of unpaid hours worked and available affirmative defenses. Defendant has made clear its intention to fully contest any liability through trial. There is no guarantee that either Party will prevail, or that Plaintiff will be able to prove his alleged unpaid worktime or statutory damages, which Defendant is aggressively contesting.

Accordingly, settlement was the result of arms-length negotiations between the Parties who were represented by able counsel. (Nilges Decl. at ¶¶5-6, 9, 11).

Settlement saves the Parties substantial time and expense and relieves them from the inherent risks of continued litigation. While the matter of unpaid overtime for one individual is not inherently complex standing alone, the facts of this case and Defendant's defenses provide significant challenges to the Plaintiff. (Nilges Decl. at ¶11). Accordingly, the factors considered by the Court are satisfied.

### B. The Court should approve the requested attorney's fees and costs.

Where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *Cashiola*, 2019 U.S. Dist. LEXIS 209976, at *4 (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The Parties recognize that in *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing Plaintiff with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134-1135 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502–03 (6th Cir. 1984)).

The Settlement provides for the payment of attorney's fees and ligation costs. (Nilges Decl. at ¶12). Plaintiff's Counsel invested significant time analyzing documents, communicating with Plaintiff, conferring with opposing counsel during negotiations, researching applicable law and

employer information, and pressing the matter towards resolution rather than costly trial and appeal. (Nilges Decl. at ¶12).

Plaintiff's Counsel took this case on a contingency basis only. As such, they have not been compensated for any time or expenses since the litigation began, but they were prepared to invest their time and resources with the very real possibility of an unsuccessful outcome and no fee of any kind. Expenses at the time of settlement were incurred in the course of this action for the purpose of preserving, proving, and presenting Plaintiff's claims. Costs incurred were nominal, considering the potential costs that Plaintiff would have incurred had they proceeded with discovery and trial. (Nilges Decl. at ¶13).

Defendant does not oppose the payment of attorneys' fees and costs and joins this Motion for settlement approval. (Nilges Decl. at ¶14). Accordingly, reasonable attorneys' fees and costs should be approved as provided in the Settlement Agreement.

## V.     CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order Approving Settlement and Release.

Respectfully submitted,

| **NILGES DRAHER LLC** | **FROST BROWN TODD LLC** |
|---|---|
| */s/ Hans A. Nilges* | */s/ Jeffrey N. Lindemann (with permission)* |
| Hans A. Nilges (0076017) | Jeffrey N. Lindemann (0053073) |
| 7034 Braucher St., NW, Suite B | 10 W. Broad Street, Suite 2300 |
| North Canton, OH 44720 | Columbus, OH 43215 |
| Phone:  330.470.4428 | Phone:  614-464-1211 |
| Fax:  330.754.1430 | Fax:  614-464-1737 |
| hans@ohlaborlaw.com | jlindemann@fbtlaw.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2023, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)

*Counsel for Plaintiff*
